[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO RECONSIDERSTRIKE FROM JURY DOCKET
The State of Connecticut has asked the court to reconsider its decision (December 8, 1993) denying the state's motion to strike the case from the jury docket,*
claiming that the recent Supreme Court case, AssociatedInvestment Co. v. Williams Assoc., 230 Conn. 148, (1994), is controlling in the matter and compels the court to CT Page 5291 reconsider its prior decision.
In Associated Investment, the Supreme Court found that our state constitution does not require a jury trial for CUTPA claims.Id. 151. The court noted that CUTPA is essentially an equitable cause of action, not similar to the common law claims for which jury trials were awarded in 1818, and CUTPA is derived from the Federal Trade Commission Act, which in itself was an attempt to make certain business conduct actionable not previously actionable at common law.
There is no Practice Book or statutory provision which authorizes a motion for reargument or reconsideration. However, such motions have been recognized and allowed in the discretion of the court. Renz v. Planning ZoningCommission, Superior Court, JD of Fairfield Bridgeport, CV910284788 (October 19, 1993) (McKeever, J.); Anderson v. Shapiro,2 CSCR 887 (1987) (Licari, J.)
Defendant's claim for Jury trial was filed September 24, 1993. Our decision on the motion to strike from the jury docket was made on December 8, 1993. The Supreme Court released the Associated Investment decision on July 19, 1994. The defendant has been proceeding since December 8, 1994 under the impression that this would be a jury case. Some weight must be given to the defendant's claim that it would be unfair and prejudicial to reconsider and reverse that ruling eighteen months later.
Additionally, the decision in Associated Investment
does not mandate reversal of our previous decision. The CUTPA claim in that case was based solely on the defendants one-count counterclaim. The present action before the court is based on a claim that the defendant willfully misrepresented customers in connection with a telephone and mail solicitation program and as we have previously noted, sounds in fraud. A fair reading of Associated Investment
does not prevent a trial court in its discretion from ordering any issue of fact arising under CUTPA to be tried by a jury. See Langer, et al, The Connecticut UnfairTrade Practice Act (1994) Vol. I., p. 321. A recent Supreme Court decision specifically reinstated a jury verdict for the plaintiff on a CUTPA claim which the trial court had set aside. Larsen Chelsey Realty Co. v. Larsen etal, 232 Conn. 480, 491 (1995). A Superior Court decision subsequent to Associated Investment has already found that CT Page 5292 a CUTPA claim need not be stricken from the jury list if the underlying complaint is based on a claim for breach of contract. The Schaefer Group v. Morgan, Superior Court, JD of New Haven at Meriden, 9 CSCR 1171 (1994) (Silbert, J.) see also,Crowley v. The Banking, Superior Court, JD of Fairfield, Docket No. 237599 9 Conn. L. Rptr. 580 (August 17, 1993) (Leheny, J.).
In view of the above, plaintiff's motion to reconsider is denied.
Wagner, J.